UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JAN 12 PM 3:23
LORETTA G. WHYTE
CLERK

------------------------------------------------------------ x

CHOICE, INC. OF TEXAS d/b/a CAUSEWAY
MEDICAL CLINIC, *et al.*,

        Plaintiffs,

v.

WILLIAM A. GRAHAM,

        Defendant.

------------------------------------------------------------ x

Index No. 04-1581

Section "K"

Hon. Stanwood R. Duval, Jr.

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated as of January 13, 2006 (the "Stipulation"), is made and entered into by and among Plaintiffs Choice, Inc. of Texas d/b/a Causeway Medical Clinic, James DeGueurce, M.D., Priscilla Cabrera, Jane Doe One, Jane Doe Two and Jane Doe Four (collectively, "Plaintiffs") and William A. Graham ("Defendant") (collectively, the "Settling Parties"). The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Litigation, upon and subject to the terms and conditions hereof.

### I. THE LITIGATION

On or about June 7, 2004, Plaintiffs commenced this action against the Defendant by filing a Complaint setting forth causes of action for: (1) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) false advertising in violation of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) & (B); (3) unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) unfair competition in violation of LA. REV. STAT. ANN. § 51:1401 *et seq.* (2004); (5) trademark dilution in violation of LA. REV. STAT. ANN. § 51:223.1 (2004); (6) trademark infringement in violation

ny-636701            1

of La. Rev. Stat. Ann. §§ 51:222(1) & (2) (2004); (7) intentional infliction of emotional distress under La. Civ. Code Ann. art. 2315; (8) fraud in violation of La. Civ. Code Ann. art. 1953 (2004); (9) detrimental reliance in violation of La. Civ. Code Ann. art. 1967 (2004); (10) breach of duty under La. Civ. Code Ann. art. 2315 (2004); and (11) tortious interference with business relations under La. Civ. Code Ann. art. 2315 (2004), seeking injunctive and other relief (the "Litigation"). On or about July 19, 2004, the Defendant appeared in the Litigation by filing and serving his Answer to the Complaint.

On August 4, 2004, the Court entered an Order for Preliminary Injunction in which the Court held that the Defendant was: (1) "preliminarily enjoined from using the name 'Causeway Center for Women' or any other name that is confusingly similar to Causeway Medical Clinic's marks CAUSEWAY or CAUSEWAY MEDICAL CLINIC, including, but not limited to by initiating or renewing yellow pages or other directory assistance listings;" (2) ordered to "disconnect his existing phone . . . number that is attributable to Causeway Center for Women;" (3) "preliminarily enjoined from holding himself out as a provider of medical referral services, referrals for abortions, or financial assistance for any of the aforementioned services, be it orally, in advertising, in any form of telephone directory, or otherwise;" (4) "preliminarily enjoined from advertising or listing under any name, be it in the yellow pages, online directories, or otherwise, under the headings 'Abortion,' 'Abortion Services,' 'Abortion Providers," 'Abortion Referrals,' or similar heading language;" and (5) "preliminarily enjoined from making false statements about Causeway Medical Clinic." On August 12, 2004, the Defendant filed his notice of appeal of the foregoing Order for Preliminary Injunction.

## II. CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. The Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendant through trial and through appeals. The Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. The Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. The Plaintiffs and their counsel, having made a thorough investigation of the facts, have determined that the settlement set forth in this Stipulation is fair, reasonable and adequate in the best interests of the Plaintiffs and the Class.

## III. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (for themselves and the Class Members) and the Defendant, by and through his counsel, that, subject to the approval of the Court, the Litigation shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### A. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over the claims asserted by the Plaintiffs in the Litigation and has personal jurisdiction over the parties.

2. Venue in the Litigation properly lies in the United States District Court for the Eastern District of Louisiana.

B. **Class Certification**

3. The Court properly certified a class of "all persons who have been or will be subject persons who have been or will be subject to the misleading, deceptive, and tortious acts allegedly committed by" the Defendant (the "Class").

C. **Settlement Terms**

4. The Defendant agrees to issue the following statement of apology: "I am William Graham, the defendant in Choice, Inc. of Texas, et al v. Graham, No. 04-1581. I wish to extend my apology to any person, be it a plaintiff in this action, or any other woman, whom I have harmed by my actions. I accepted telephone calls from women who believed that I would schedule an appointment for an abortion. I never scheduled any abortions and did not intend to do so."

5. The Defendant agrees to the issuance of a permanent injunction enjoining him from using the name 'Causeway Center for Women' or any other name that is confusingly similar to Plaintiff Causeway's valid CAUSEWAY or CAUSEWAY MEDICAL CLINIC trademarks, including, but not limited to by initiating or renewing yellow pages or other directory assistance listings.

6. The Defendant agrees to the issuance of a permanent injunction enjoining him from holding himself out as a provider of medical referral services, referrals for abortions, referrals for reproductive health services, or financial assistance for any of the aforementioned services, be it orally, in advertising, in any form of telephone directory, or otherwise.

7. The Defendant agrees to the issuance of a permanent injunction enjoining him from advertising or listing under any name, be it in the yellow pages, online directories, or

otherwise, under the headings 'Abortion,' 'Abortion Services,' 'Abortion Providers,'' 'Abortion Referrals,' or similar heading language.

8. The Defendant agrees to the issuance of a permanent injunction enjoining him from connecting or re-connecting any telephone service for any telephone number which was previously attributable to Causeway Center for Women.

9. The Defendant agrees to the issuance of a permanent injunction enjoining him from making statements about Plaintiff Causeway that he knows to be false or with a reckless disregard of their truth or falsity.

**D. Releases**

10. Upon the Effective Date, the Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all of their claims against the Defendant. By entering this Stipulation, the Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred, or otherwise granted any interest in their claims, or any of them, to any other party or entity.

11. Upon the Effective Date, the Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation.

**E. Dismissal of Related Actions**

12. Within ten (10) business days after the Effective Date, the Plaintiffs shall file all papers and take all actions necessary to dismiss the adversary proceeding in the matter, <u>Choice, Inc. of Texas et al v. Graham</u>, 05-01230, pending in the United States Bankruptcy Court for the Eastern District of Louisiana.

13. Within ten (10) business days after the Effective Date, the Defendant shall file all papers and take all actions necessary to dismiss the appeal in the matter, <u>Choice Inc of Texas, et al v. Graham</u>, 04-30824, pending in the United States Court of Appeals for the Fifth Circuit.

### F. Conditions of Settlement and Effect of Disapproval

14. Plaintiffs' counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.

15. Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the Preliminary Approval of the settlement set forth in the Stipulation and approval for the publication of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit B hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation and the date of the Settlement Hearing.

16. The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

    a. the Court has entered the Notice Order;

    b. the Court has entered the Judgment, or a judgment substantially in the form of Exhibit C hereto; and

    c. the Judgment has become Final.

17. In the event that the Stipulation is not approved by the Court, or an appeal from the approval thereof precludes the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation, or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be

restored to their respective positions in the Litigation as of January 13, 2006. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc.

18. The Judgment will have become Final on the last date by which all of the following have occurred: (1) entry of the Final Judgment and Order of Dismissal; and (2) either: (a) thirty (30) days have passed after service of notice of entry of the Final Judgment and Order of Dismissal on the parties to this litigation, without any notice of appeal or request for review being filed or mailed, provided that if any person seeks an extension of time to file a notice of appeal, the Judgment will not be Final unless the request for extension is denied and that denial is no longer subject to appeal or review; or (b) if appeals or requests for review have been taken, the entry of final orders on appeal affirming the Final Judgment and Order of Dismissal or denying review after exhaustion of all appellate remedies.

G. **Miscellaneous Provisions**

19. The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to use their best efforts to cause the timely occurrence of all events, transactions or other circumstances described herein; and (c) to generate all such deeds, document and writings as may be necessary to carry out the intent of this Stipulation.

20. The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.

21. All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

22. The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

23. The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

24. Each party shall bear its own attorneys' fees and costs.

25. Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

26. The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

27. The Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, executors, administrators and assigns of the Settling Parties.

28. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

29. The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

30. The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, extend, or describe the scope of this Stipulation or the intent of any provision hereof.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of January 13, 2006.

**JOHN WELLS, ESQ.**

By: _____
John Wells, Esq. (Bar Roll #23970)
317 Portsmouth Drive
Slidell, Louisiana 70460-8429
Telephone: (985) 641-1855
Facsimile: (985) 649-1536

Attorney for Defendant

**RITTENBERG & SAMUEL, L.L.C.**

By: _____
William Rittenberg, Esq. (Bar Roll #11287)
715 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5555
Facsimile: (504) 524-0912

**CENTER FOR REPRODUCTIVE RIGHTS**
Sanford Cohen, Esq. (*pro hac vice* pending)
120 Wall Street
New York, New York 10005
Telephone: (917) 637-3600
Facsimile: (917) 637-3666

**MORRISON & FOERSTER LLP**
Jamie Levitt, Esq.
J. Alexander Lawrence, Esq.
Sarah Rosell, Esq.
Karen Thompson, Esq.
1290 Avenue of the Americas
New York, New York 10104-0050
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Plaintiffs